UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMER HANNA SHENDAJ, EMAN ADIL
ELIAS, MONTAHA JIRGES SHAMOON,
and MAY ALI RADHI,

    Plaintiffs,

v.

                                      Case No. 07-14416

MICK DEDVUKAJ, Detroit District
Director, U.S. Department of Homeland    Honorable Patrick J. Duggan
Security, MICHAEL CHERTOFF,
Secretary, U.S. Department of Homeland
Security, and ROBERT MUELLER,
Director, Federal Bureau of Investigation,

    Defendants.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 19, 2008.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

Amer Hanna Shendaj ("Shendaj"), Eman Adil Elias ("Elias"), and Montaha Jirges

Shamoon ("Shamoon")[1] (collectively referred to as "Plaintiffs") commenced this action in

response to the United States Citizenship and Immigration Service's ("CIS") delay in

---

[1] Since the filing of this lawsuit, Ms. Shamoon has been naturalized as a United States citizen. Thus, Plaintiffs concede that her claims can be dismissed as moot.

processing their applications for naturalization. Presently before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or, in the alternative, to remand this matter to the CIS for a determination on Plaintiffs' naturalization applications. On February 11, 2008, the Court sent the parties a notice stating that the Court is dispensing with oral argument on Defendants' motion. *See* E.D. Mich. LR 7.1(e)(2).

## I. Factual Background

Mr. Shendaj and Ms. Elias, husband and wife, citizens of Iraq, and lawfully admitted to the United States for permanent residence, filed applications for naturalization on February 3, 2006. They were interviewed by the CIS on June 19, 2006. That same day, Mr. Shendaj and Ms. Elias were informed that they passed the English basic, United States history, and United States government proficiency examinations, but a decision on their applications could not be made until the Federal Bureau of Investigation ("FBI") completed a security name check. Although CIS submitted Mr. Shendaj's and Ms. Elias's name check requests to the FBI on or about February 20, 2006, CIS had not received the results of either name check request as of December 20, 2007.

Ms. Radhi, a citizen of Iraq and lawfully admitted to the United States for permanent residence, filed an application for naturalization on April 30, 2004. On October 28, 2004, Ms. Radhi was interviewed by the CIS. That same day, she was informed that she passed the English basic, United States history, and United States government proficiency examinations; nevertheless, CIS could not make a decision on her application until the FBI completed a security name check. On or about May 25,

2

2004, CIS submitted Ms. Radhi's name check request to the FBI. As of December 20, 2007, CIS has not received the results of Ms. Radhi's name check.

Plaintiffs have contacted CIS on several occasions, and on each occasion, they were informed that their name checks were still pending. (*See* Pls.' Compl. Exs. 9 & 11.) Due to CIS's continued delay in adjudicating their naturalization applications, Plaintiffs commenced this lawsuit on October 17, 2007. Defendants filed the present motion on December 21, 2007, and on January 11, 2008, Plaintiffs filed a response.

## II.  Defendants' Motion to Dismiss

Defendants seek dismissal, arguing that the Court lacks subject matter jurisdiction to resolve Plaintiffs' claims. Specifically, Defendants contend that 8 U.S.C. § 1447(b) confers subject matter jurisdiction upon a district court only after the FBI completes an applicant's background check. Section 1447(b) provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the *examination* is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b)(emphasis added). Defendants assert that the "examination" referred to in Section 1447(b) is complete when all the information required for a naturalization decision is gathered, including the FBI's security name check. Thus, argue Defendants, the 120-day period does not begin to run until the FBI completes its security name check.

In support of their argument, Defendants rely on the language and purported

3

purpose of Section 1447, and decisions in which courts have held the initial interview "is merely a part of the overall examination process, as is the review of plaintiff's FBI background investigation . . . ."[2] *Danilov v. Aguirre*, 370 F. Supp. 2d 441, 444 (E.D. Va. 2005); *see also Martinez v. Gonzales*, 463 F. Supp. 2d 569, 572-73 (E.D. Va. 2006)(holding that "the interview was merely one part of the examination process, as is the FBI background check"); *Kassemi v. Dep't of Homeland Sec.*, No. 06-1010, 2006 U.S. Dist. LEXIS 74516, at *5, 2006 WL 2938819 (D.N.J. Oct. 13, 2006)(same); *Walji v. Gonzales*, No. 06-1163, 2006 U.S. Dist. LEXIS 95931, at * 14 (S.D. Tex. Oct. 6, 2006)(same); *Damra v. Chertoff*, No. 05-0929, 2006 WL 1786246, 2006 U.S. Dist. LEXIS 45563, at *9 (N.D. Ohio June 23, 2006)(same).

The majority of courts, including every court in this district that has been faced with the issue, have concluded that "examination" refers to the initial interview of an applicant, and thus, if 120 days have passed since the applicant's initial interview, it is proper to exercise subject matter jurisdiction pursuant to Section 1447(b). *See Walji v. Gonzales*, 500 F.3d 432, 435 n.5 (5th Cir. 2007)(collecting cases); *see also Eloubaidy*, No. 07-11045, 2007 WL 2332477, 2007 U.S. Dist. LEXIS 59623, at *7 n.4 (E.D. Mich.

---

[2]In addition, Defendant contends that their interpretation of the statute is reasonable, and thus, it is entitled to *Chevron* deference. (Dfts.' Br. 14-16.) Recently, this Court rejected an identical argument. *Al-Mohammed v. USCIS*, 07-10732, 2007 WL 2004866, 2007 U.S. Dist. LEXIS 49174 (E.D. Mich. July 9, 2007). In doing so, the Court stated that "[u]nder *Chevron*, courts must 'defer to an agency's reasonable interpretation of a statute it administer[s] unless 'the intent of Congress is clear.'" 2007 U.S. Dist. LEXIS 49174, at *4 n.2 (quoting *Hamama v. INS*, 78 F.3d 233, 239 (6th Cir. 1996)). Because this Court, as it did in *Al-Mohammed*, continues to believe that the intent of Congress is clear, Defendant's interpretation is not entitled to *Chevron* deference. *See id.*

Aug. 15, 2007)(collecting Eastern District of Michigan cases). On five separate occasions, this Court has followed the majority of courts in concluding "that the initial interview of the naturalization applicant triggers the 120-day period set forth in Section 1447(b)." *Alkabi v. USCIS*, No.07-13540, 2007 WL 4465251, 2007 U.S. Dist. LEXIS 92593 (E.D. Mich. Dec. 18, 2007); *see also Bouhamdan v. USCIS*, No. 07-13976; *Eloubaidy*, 2007 U.S. Dist. LEXIS 59623; *Al-Mohammed*, 2007 U.S. Dist. LEXIS 49174; *Al Saleh v. USCIS*, No. 06-13372, 2007 WL 925693, 2007 U.S. Dist. LEXIS 22171 (E.D. Mich. Mar. 28, 2007). In *Alkabi*, this Court rejected the exact same arguments Defendants are making in this case. Specifically, this Court stated:

> First, Section 1447(b) confers jurisdiction on the district court if the agency fails to make a determination "before the end of the 120-day period after the *date* on which the examination is *conducted*." 8 U.S.C. § 1447(b) (emphasis added). This language implies "that the examination occurs on a particular, identifiable, date." Therefore, the "examination" referred to in the statute is not a "process," as CIS argues, because a "'process' does not occur on one particular identifiable date." *El-Daour* [*v. Chertoff*, 417 F. Supp. 2d 679, 681 (W.D. Pa. 2006).] Second, the preceding section of the INA, 8 U.S.C. § 1446, indicates that the investigative process is separate from the examination. *Daami v. Gonzales*, No. 05-3667, 2006 WL 1457862, at *5 (D.N.J. May 22, 2006) (unpublished opinion). Third, CIS' regulations contemplate a distinction between the examination and the investigation and reflect the agency's interpretation that the 120-day period in Section 1447(b) begins to run from the date of the initial examination. *Khelifa* [*v. Chertoff*, 433 F. Supp. 2d 836, 841 (E.D. Mich. 2006).] For example, 8 C.F.R. § 335.3(a) states in part: "A decision to grant or deny the application shall be made at the time of the initial examination or within 120-days after the date of the initial examination of the applicant for naturalization under § 335.2." And, contrary to the *Danilov* court's reading, 8 C.F.R. § 335.2(b) requires CIS to conduct the initial

5

> examination *only after* the FBI completes its criminal background check of the applicant. "By referring separately to the FBI background check and the 'initial examination,' and mandating that the former must be completed before the latter will be conducted, this provision plainly contemplates that the background check is independent from, as to a part of, the "examination" . . .". *Khelifa*, 433 F. Supp. 2d at 841. In one recent case, *Al-Ghanem v. Gonzales*, No. 06-320, 2007 WL 446047, slip op. at *10 n. 13 (D. Utah Feb. 7, 2007), CIS acknowledged that 8 C.F.R. § 335.2(b) requires CIS to conduct the initial examination only *after* the FBI completes its criminal background check of the applicant.

*Alkabi*, 2007 U.S. Dist. LEXIS 92593, at *5-7. For these same reasons, the Court rejects Defendants' interpretation here. Therefore, the Court concludes that Mr. Shendaj's and Ms. Elias's initial interviews on June 19, 2006 and Ms. Radhi's initial interview on October 28, 2004 triggered the 120-day period set forth in Section 1447(b). Because Plaintiffs' initial interviews occurred more than 120 days before they filed their complaint, the Court holds that it has subject matter jurisdiction to adjudicate Plaintiffs' claims. Thus, Defendants' motion to dismiss for lack of subject matter jurisdiction will be denied.

## III. Defendant's Motion to Remand

The majority of courts described above, while deciding to exercise subject matter jurisdiction, declined to determine the propriety of the application, finding that remanding the matter to the CIS for prompt resolution is the more appropriate course of action. *See, e.g., Al-Mohammed*, 2007 U.S. Dist. LEXIS 49174, at *8 (collecting cases). In remanding the matter to the CIS for prompt resolution, these courts recognize their lack of expertise and the lack of information available to assess whether the plaintiff satisfied the

various criteria for naturalization. *See Khelfia*, 433 F. Supp. 2d at 844. As stated by one district court, "the FBI criminal background check is a vital piece of information and absent such information the court system is simply not equipped with the resources necessary to ensure a thorough investigation prior to the giving of the naturalization oath." *Essa v. USCIS*, No. 05-1449, 2005 WL 3440827, 2005 U.S. Dist. LEXIS 38803, at *7-8 (D. Minn. Dec. 14, 2005).

This Court believes, as it did in *Bouhamdan*, *Alkabi*, *Eloubaidy*, *Al-Mohammed*, and *Al Saleh*, that remand of Plaintiffs' naturalization applications to CIS is also appropriate in this case. Defendants argue that if this Court grants their motion to remand, it should do so without setting a date certain for the determination of Plaintiffs' naturalization applications. Because Ms. Radhi's naturalization application has been pending for more than 45 months and because her interview was almost three and a half years ago, this Court believes it is appropriate to order CIS to make a decision on Ms. Radhi's naturalization application within 120 days of the date of this Opinion and Order. With respect to Mr. Shendaj's and Ms. Elias's applications, the Court will remand their applications to the CIS for a prompt determination.

Accordingly,

**IT IS ORDERED** that because Ms. Shamoon's naturalization application has been approved, her claims are **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendants' motion is **GRANTED IN PART AND DENIED IN PART**. Defendants' motion is **DENIED** to the extent that it requests dismissal of Plaintiffs' complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil

Procedure. Defendants' motion is **GRANTED** to the extent that it requests a remand Plaintiffs' complaint to CIS.

**IT IS FURTHER ORDERED** that Plaintiffs' naturalization applications are **REMANDED** to CIS for (1) a prompt determination on Mr. Shendaj's and Ms. Elias's naturalization applications and (2) a decision on Ms. Radhi's naturalization application within 120 days of the date of this Opinion and Order.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Derri T. Thomas, AUSA
Danny Garmo, Esq.
Steven N. Garmo, Esq.